## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | ) | |
|---|---|---|
| ANDRE D. HILTON and DESIRE LITTLEJOHN, | ) ) ) | CASE NO. 5:22-cv-2013 |
| | ) | JUDGE SARA LIOI |
| PLAINTIFFS, | ) ) | **MEMORANDUM OPINION AND** |
| vs. | ) ) | **ORDER** |
| AKRON POLICE DEPARTMENT, | ) ) ) | |
| DEFENDANTS. | ) | |

Before this Court is the motion of plaintiffs Andre D. Hilton and Desire Littlejohn (together, "plaintiffs"), seeking leave to amend their complaint. (Doc. No. 22.) Plaintiffs initially filed a complaint *pro se* in the Summit County Court of Common Pleas. (Doc. No. 1-1.) Defendants Akron Police Department and City of Akron (together, "defendants") then removed the case to this Court (Doc. No. 1), answered the *pro se* complaint (Doc. No. 3), and then filed a motion for judgment on the pleadings (Doc. No. 5). Defendants' motion for judgment on the pleadings contends that plaintiffs' *pro se* complaint is legally and procedurally deficient for several reasons. In response to defendants' motion for judgment on the pleadings, plaintiffs, still *pro se*, filed a motion to amend the complaint instanter (Doc. No. 7) and an opposition to defendants' motion (Doc. No. 8).[1] Defendants opposed plaintiffs' motion to amend the complaint, arguing that it is both futile and procedurally improper. (Doc. No. 10.) Shortly thereafter, plaintiffs retained counsel who filed an appearance. (Doc. No. 17.) Plaintiffs have now, through counsel, filed a motion to

---

[1] Given plaintiffs' instant motion to amend, the Court now denies as moot this previous *pro se* motion to amend.

amend the initial complaint. (Doc. No. 22) Defendants filed an opposition to plaintiffs' motion. (Doc. No. 25.) This matter is now ripe for the Court's review.[2]

After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.* The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (citation omitted); *Estes v. Ky. Util.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662–63

---

[2] Pursuant to LR 7.1(e), plaintiffs had until April 10, 2023, to file a reply in support of their motion to amend. That time has now passed, and plaintiffs did not file any reply brief.

(citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id.* at 662 (citation omitted).

The Court finds no evidence of significant prejudice to defendants, a likelihood of substantial delay in the proceedings, or repeated failure to cure deficiencies in the complaint. The request to amend was filed before the expiration of the deadline to add parties or amend the pleadings and with several months left in fact discovery, and there is no evidence to suggest that the amendment will cause defendants to expend significant additional expenses conducting discovery. Plaintiffs' motion purports that an amended complaint, prepared by counsel, will clarify plaintiffs' *pro se* pleadings, which, if anything, should help defendants understand the exact contours of plaintiffs' claims. Further, defendants filed an opposition to plaintiffs' motion but did not contend that leave to amend would prejudice them, would be futile, or is otherwise not in the interests of justice. Rather, defendants' opposition implores the Court to deny plaintiffs' motion on purely procedural grounds, contending only that plaintiffs did not "set[] forth [an] explanation or rationale as to why the amendment is necessary." (Doc. No. 25.)

In light of Rule 15(a)'s mandate that leave should be "freely" given, the Court finds that "justice so requires" that the motion to amend be granted. Accordingly, the Court grants plaintiffs' motion. On or before June 27, 2023, plaintiffs shall file an amended complaint, which should remove any defendants against whom no claims are alleged and identify any additional defendants.[3]

Further, because plaintiffs are now represented by counsel who can represent both plaintiffs in this matter and because plaintiffs appear to have dropped any claims against the Akron Police

---

[3] The court agrees with defendants that the motion to amend looked more like an amended complaint. (*See* Doc. No. 25.) Still, for the reasons contained herein, the Court has granted the motion and plaintiffs must file a proper amended complaint, which should set forth the allegations in substantially the same form as contained in the motion to amend.

3

Department and the City of Akron, (*see* Doc. No. 22, at 2–3 (identifying parties as plaintiffs and individual officers)), defendants' pending motion for judgment on the pleadings is denied as moot. (Doc. No. 5.)

    **IT IS SO ORDERED**.

Dated: June 13, 2023

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**
    **CHIEF JUDGE**