# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANDRE D. HILTON, et al., | CASE NO. 5:22-CV-02013 |
| Plaintiffs, | DISTRICT JUDGE SARA LIOI |
| vs. | |
| AKRON POLICE DEPARTMENT, et al., | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

Pending before this Court is Plaintiffs' motion seeking leave to amend their complaint for a third time. (ECF Doc. 52 ("Motion").) Defendants have opposed the Motion, which is fully briefed and ripe for review. (ECF Docs. 52-54.) For the reasons set forth in further detail below, the Motion is **DENIED**.

## I.   Background

Plaintiffs initially filed their complaint *pro se* in the Summit County Court of Common Pleas on October 4, 2022. (ECF Doc. 1-1.) The case was removed to this Court on November 8, 2022 (ECF Doc. 1) and Plaintiffs filed a *pro se* motion to amend the complaint on December 30, 2022 (ECF Doc. 7). Defendants Akron Police Department and the City of Akron opposed the motion. (ECF Doc. 10.) Plaintiffs retained counsel to represent them in February 2023 (ECF Doc. 17) and Plaintiffs' counsel filed a motion to amend on March 26, 2023 (ECF Doc. 22), which Defendants Akron Police Department and the City of Akron opposed (ECF 25). On June 13, 2023, the Court granted Plaintiffs' request to amend the complaint, including adding claims

1

against individual officers (ECF Doc. 26). The Court ordered Plaintiffs to file their amended complaint on or before June 27, 2023. (ECF Doc. 26, p. 3.)

Plaintiffs' counsel filed a motion for leave to withdraw as counsel on June 21, 2023. (ECF Doc. 30.) The Court ordered counsel to take certain actions to protect Plaintiffs' interests and to comply with the Ohio Rules of Professional Conduct and Local Rules for the Northern District of Ohio, and noted that the June 27 deadline to file an amended complaint remained in place. (ECF Doc. 31.) When the amended complaint was not timely filed, the Court *sua sponte* granted Plaintiffs until July 10, 2023, to file the amended complaint, noting that the amended complaint should identify any additional defendants. (ECF Doc. 33.)

Plaintiffs filed an amended complaint on July 3, 2023. (ECF Doc. 34.) The pleading purported to name two new individual officer defendants, but identified the officers by badge number alone. (*Id.*) On July 12, 2023, the parties were directed to meet and confer and advise the Court whether Plaintiffs would seek leave to further amend the complaint to clearly identify the officer defendants and, if so, whether the parties were able to reach agreement regarding the amendment. (ECF Doc. 36.) On July 16, 2023, the parties reported their agreement to the filing of a revised amended complaint that would add names for the two individual officer defendants in place of badge numbers, but would otherwise contain "no additional changes." (ECF Doc. 38, p. 1.) On the same date, Plaintiffs re-filed their prior amended complaint. (ECF Doc. 37). The Court struck the re-filed amended complaint but granted Plaintiffs leave to file a Second Amended Complaint consistent with the parties' agreement, adding the names of the individual officer defendants in place of badge numbers. (Non-Document Order dated July 17, 2023.)

Plaintiffs filed the Second Amended Complaint (captioned Amended Complaint #3) on July 23, 2023. (ECF Doc. 39 ("Second Amended Complaint").) They later filed a duplicate

copy, which the Court struck as duplicative. (ECF Doc. 40, 42.) On July 23, 2023, the Court accepted the Second Amended Complaint as the operative complaint. (ECF Doc. 39, 42.) The Second Amended Complaint names as defendants: the Akron Police Department; the City of Akron; and Jeffrey A. Woodley[1] and Thomas J. Phillips in their individual capacities as members of the Akron Police Department. (ECF Doc. 39.) On July 29, 2023, Plaintiffs filed waivers of service of summons that were executed on behalf of the individual defendants. (ECF Doc. 43.) The Akron Police Department and the City of Akron filed their Answer to the Second Amended Complaint on August 4, 2023. (ECF Doc. 45.) Officers Woodley and Phillips filed their Answer to the Second Amended Complaint on September 21, 2023. (ECF Doc. 51.)

On July 31, 2023, the Court granted Attorney Carlisle's motion to withdraw as counsel to Plaintiffs. (ECF Doc. 44.) New counsel entered an appearance for Plaintiffs on August 16, 2023. (ECF Doc. 46.) That same day, the City of Akron served written discovery requests on counsel for Plaintiffs. (ECF Doc. 47.) The parties expressed an interest in extending the case management schedule dates at a telephonic status conference with the Court on August 17, 2023, and were ordered to meet and confer regarding proposed revisions to the case management schedule. (ECF Doc. 48.) On August 31, 2023, the parties proposed a 120-day extension of the case management dates. (ECF Doc. 49.) The parties did not propose or request an extension of the March 27, 2023, deadline to add parties or amend pleadings. (*Id.*) The parties advised that Plaintiffs' new counsel had been served with Defendants' initial disclosures (ECF Doc. 49, p. 2), which had been served on Plaintiffs' prior counsel on March 27, 2023 (ECF Doc. 24).

On September 6, 2023, the Court amended the case management schedule consistent with the parties' proposed schedule, finding the proposed extension of the case management schedule

---

[1] In later filings, Defendants spell Officer Woodley's last name "Woolley." (*See e.g.*, ECF Doc. 51.)

would allow the parties an opportunity to complete necessary discovery and explore settlement. (ECF Doc. 50.) However, the Court advised that further requests for extension of the case management schedule would be disfavored. (*Id*.) Under the new schedule, the parties were granted until December 29, 2023, to complete fact discovery and until March 25, 2024, to complete expert discovery. (*Id.*) No extended deadline was given to seek to add parties or amend the pleadings. (*Id.*) That deadline had expired March 27, 2023. (ECF Doc. 21, p. 2.)

On September 25, 2023, six months after the expiration of the deadline to add parties or amend pleadings and almost a year after the filing of the initial complaint, Plaintiffs filed the present Motion, which seeks leave to file another amended complaint and name three additional individual officer defendants. (ECF Doc. 52.) Plaintiffs seek "to clarify the factual allegations and adequately name all Akron Police Department Officers involved in the incident at issue in this litigation" (*id*. at p. 2) and name three new defendants because "it has come to light that Ms. Littlejohn was mistaken and that the officers who violated her constitutional rights were different than the officers who violated her son, Andre Hilton's, constitutional rights" (*id*. at p. 5).

Defendants oppose the Motion, arguing that the request to amend the complaint is improper because: the new complaint seeks to "state new claims against Officers Woolley and Phillips that are barred by the statute of limitations"; the new complaint seeks to "name new parties outside the two-year statute of limitations"; and amendment at this time is "unduly prejudicial to the Defendants because adding three additional parties, none of whom have even been served, will only serve to further delay the proceedings in this case." (ECF Doc. 53.)

## II.     Analysis

The Federal Rules of Civil Procedure provide that leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). The decision to allow amendment is within the

4

trial court's discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (dictum)). A court's discretion is "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). Nevertheless, a court need not grant leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir.), *cert. denied,* 143 S. Ct. 527 (2022) (quoting *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman*, 371 U.S. at 182)) (emphasis in original removed).

Plaintiffs assert that amendment is warranted because there has been no undue delay, bad faith, or repeated failures to cure deficiencies, and there will be no undue prejudice to Defendants. (ECF Doc. 52, pp. 3-4.) They also argue amendment would not be futile. (*Id*. at pp. 4-6; ECF Doc. 54.) Defendants argue, in contrast, that amendment would be unduly prejudicial and futile. (ECF Doc. 53, pp. 3-12.) As to prejudice, Defendants assert that "Plaintiffs' continual moving of the goalposts has deprived Akron of its ability to proceed with discovery and of its right to have the case resolved in a timely manner," which "will only be exacerbated by granting [the] motion because it will necessitate Akron propounding new written discovery and will necessitate further delay in the case management schedule as [the] new defendants will have to be served and answer, which cannot occur prior to the current close of fact discovery." (*Id.* at pp. 11-12.) Defendants also argue amendment would be futile because Plaintiffs seek to assert new claims that are not viable or would be barred by applicable statutes of limitations. (*Id*. at pp. 3-11.)

First, the Court finds that the record reflects that Plaintiffs have repeatedly failed to cure deficiencies. Although they were granted leave to amend their complaint on June 13, 2023 (ECF Doc. 26) and reminded of the deadline to do so ten days later (ECF Doc. 31), they failed to file their amended complaint by the June 27, 2023 deadline. When they were granted additional time to file *sua sponte*, they were also specifically reminded that their amended complaint must add any additional defendants. (ECF Doc. 33.) They met the extended deadline to file their amended complaint, but failed to specifically identify the new individual defendants in that pleading. (ECF Doc. 34.) Despite these failures, Defendants nevertheless agreed to the filing of another amended complaint for the sole purpose of properly naming the two new individual defendants, with "no additional changes." (ECF Doc. 38.) The Court permitted the Second Amended Complaint to be filed consistent with the parties' agreement. Thus, Plaintiffs already required reminders and extensions from the Court *and* the agreement of the Defendants to assert their present claims against the two existing individual officer defendants.

Second, the Court finds the requested amendment to name three new defendants resulted from undue delay, and would cause additional delay. Plaintiffs argue the "case is still in its early phase and Plaintiffs have just recently retained new counsel" (ECF Doc. 52, p. 3), but the case has been pending for nearly a year. Plaintiffs assert that the need to add new parties became apparent upon review of Defendants' initial disclosures (*id.* at p. 5), but Defendants served initial disclosures upon Plaintiffs' prior counsel on March 27, 2023 (ECF Doc. 24) and again on new counsel before the parties jointly proposed the existing case management schedule (ECF Doc. 49). Under that case management schedule, Plaintiffs argue "[a]ll the deadlines have been pushed back and trial is not set to approach until late 2024" and "[g]ranting leave will not impact the current case management scheduling order and will not unduly delay these proceedings."

(ECF Doc. 52, p. 3.) But the addition of new parties would certainly impact a case management schedule where the deadline to amend pleadings or add new parties expired six months ago (ECF Doc. 21) and the agreed deadline to complete fact discovery will expire in less than two months (ECF Doc. 50). Plaintiffs did not seek an extended deadline to amend pleadings or add parties when they jointly requested the existing case management schedule (ECF Doc. 49) and the Court advised the parties upon setting that extended schedule that "further requests for extensions of the case management schedule will be disfavored" (ECF Doc. 50). Plaintiffs have unduly delayed in seeking to add three new defendants, and an order permitting that addition would cause further undue delay in these proceedings.

Third, the requested amendment would result in undue prejudice to Defendants. When looking at whether an opposing party will be unduly prejudiced by an amendment, a "court considers whether the assertion of the new claim . . . would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute[.]" *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). Plaintiffs assert that "Defendants have known about [the] claims and will not be surprised by Plaintiffs amendments" (ECF Doc. 52, p. 4), but Defendants report that the individual officers Plaintiff seeks to add as new defendants "have not been notified of the litigation since they are not parties to it" (ECF Doc. 53, p. 8). If the present Motion is granted, Defendants report that they will need to propound new discovery and the "new defendants will have to be served and answer, which cannot occur prior to the current close of fact discovery." (*Id.* at pp. 11-12.) They note that they would not have agreed to the present case management dates if they were aware of Plaintiffs' intent to seek to add three new parties to the case. (*Id.* at p. 12 n. 3.)

7

Defendants have been cooperative thus far in agreeing to the amendment of the complaint to properly name the two present individual officer defendants, agreeing to waive service of those officers, and agreeing to extend the case management schedule upon the filing of multiple amended complaints and the retention of new Plaintiffs' counsel.  (ECF Docs. 38, 49.)  The Court finds it would cause undue prejudice to the three proposed new defendants to add them to the case less than two months before the expiration of the already-extended fact discovery deadline, and that it would cause undue prejudice to the existing defendants to grant the additional case management deadline extensions that would inevitably be sought if Plaintiffs were permitted to amend the complaint as requested in the present Motion.

Plaintiffs' request for leave to amend comes after they were given ample opportunity to correct pleading deficiencies and add new defendants in their earlier complaints.  The Motion was filed after the expiration of the deadline to add parties or amend the pleadings and with only two months remaining to complete fact discovery.  Plaintiffs have not satisfied the Court that no further extension of the case management schedule would be required, and have not shown that they could not have earlier discovered the identity of the additional officers they assert violated their constitutional rights on October 4, 2020.  While the Court is cognizant that leave should generally be "freely" given, the circumstances in this case reflect that Plaintiffs have previously failed to cure deficiencies in their pleadings, have unduly delayed in seeking the proposed amendment, and that the filing of an amended complaint as proposed would cause undue prejudice to both the existing Defendants and the new proposed Defendants.

### III. Conclusion

For the reasons set forth in more detail above, Plaintiffs' Motion for Leave to Amend Complaint (ECF Doc. 52) is **DENIED**.

Dated: November 6, 2023

                                             *s/ Amanda M. Knapp*
                                             AMANDA M. KNAPP
                                             UNITED STATES MAGISTRATE JUDGE